**UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------------x
OSWALDO PALACIOS,                                                   **JURY DEMANDED**

       Plaintiff,                                                   **VERIFIED COMPLAINT**

   -against-

P. MEJIAS CLEANING SERVICES; PROCIDA
CONSTRUCTION CORP., and PEDRO MEJIAS, Individually,

       Defendants.
------------------------------------------------------------------------------x

Plaintiff, by and through his undersigned counsel, Mark L. Lubelsky & Associates, as and for a Verified Complaint, respectfully set forth the following:

## NATURE OF THE ACTION

1. This is an action brought by Plaintiff OSWALDO PALACIOS (hereinafter "Plaintiff Palacios") against Defendants P. MEJIAS CLEANING SERVICES (hereinafter "Defendant P. Mejias Cleaning Services"); and PROCIDA CONSTRUCTION CORP., and PEDRO MEJIAS, Individually (collectively with Defendant P. Mejias Cleaning Services, and Procida Construction Corp., the "Defendants") for unlawful employment practices including but not limited to violation of federal and state wage-and-hour laws, and state unlawful termination laws.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant 28 U.S.C. 1331, 1337, 1343 and 29 U.S.C. 216(b). This Court has supplemental jurisdiction over the causes of action under New York Labor Law 191 et seq., and New York Labor Law 220 et seq., pursuant to 28 U.S.C. 1367 and Fed. R. Civ. P. 23.

3. As the Defendant P. MEJIAS CLEANING SERVICES d/b/a P. MEJIAS CLEANING SERVICES (hereinafter "Defendant P. Mejias Cleaning Services") is located in Brooklyn

County at 1 Vernon Avenue, Apt 1A, Brooklyn, NY 11207, venue is proper pursuant to 28 U.S.C. 1391.

## PARTIES

**Plaintiff Oswaldo Palacios**

4.      Plaintiff Palacios was at all material times an adult individual residing in the United States of America, State of New York, County of Queens.

**Defendant P. Mejias Cleaning Services**

5.      Upon information and belief, Defendant P. Mejias Cleaning Services is a domestic business corporation doing business and/or with a principal place of business within the State of New York.

6.      Upon information and belief, Defendant P. Mejias Cleaning Services was and still is a foreign business corporation.

7.      Upon information and belief, that at all times hereinafter mentioned, Defendant P. Mejias Cleaning Services was and still is a foreign business corporation conducting, transacting and/or doing business in the State of New York.

8.      Defendant P. Mejias Cleaning Services was an employer as defined in the Fair Labor Standards Act ("FLSA") at all material times herein.

**Defendant  Procida Construction Group**

9.      Upon information and belief, Defendant P. Mejias Cleaning Services is a domestic business corporation doing business and/or with a principal place of business within the State of New York.

10.     Upon information and belief, Defendant P. Mejias Cleaning Services was and still is a foreign business corporation.

11.     Upon information and belief, that at all times hereinafter mentioned, Defendant P. Mejias Cleaning Services was and still is a foreign business corporation conducting, transacting and/or doing business in the State of New York.

12.     Defendant P. Mejias Cleaning Services was an employer as defined in the Fair Labor Standards Act ("FLSA") at all material times herein.

**Defendant Pedro Mejias**

13.     Upon information and belief, Defendant Pedro Mejias is a resident of the State of New York.

14.     Upon information and belief, Defendant Pedro Mejias owned Defendant P. Mejias Cleaning Services at all material times herein.

15.     Defendant Pedro Mejias was an employer as defined in the FLSA at all material times herein.

16.     Defendant Pedro Mejias was a supervisory employee of Defendant P. Mejias Cleaning Services at all material times herein.

## FACTUAL ALLEGATIONS

17.     Defendants hired Plaintiff Palacios in or about February 2017 for one year.

18.     Plaintiff Palacios continued to work for Defendants, and began a second year of employment in or about February 2018.

19.     Plaintiff Palacios's employment ended due to the Defendants' misconduct on or about May 2018, within his second year.

20.     From in or about February 2017 to May 2018, Defendant P. Mejias Cleaning Services employed Plaintiff Palacios within the meaning of New York Labor Law.

21. From in or about February 2017 to May 2018, Defendant P. Mejias Cleaning Services employed Plaintiff Palacios within the meaning of the FLSA.

22. From in or about February 2017 to May 2018, Defendant Procida Construction Corp. employed Plaintiff Palacios within the meaning of New York Labor Law.

23. From in or about February 2017 to May 2018, Defendant Procida Construction Corp. employed Plaintiff Palacios within the meaning of the FLSA.

24. Defendant Procida Construction Corp. possessed control over the operations of Defendant P. Mejias Cleaning Services and directly affected the nature and conditions of Plaintiff Palacios's employment at all material times.

25. From in or about February 2017 to May 2018, Defendant Pedro Mejias employed Plaintiff Palacios within the meaning of New York Labor Law.

26. From in or about February 2017 to May 2018, Defendant Pedro Mejias employed Plaintiff Palacios within the meaning of the FLSA.

27. Defendant Pedro Mejias possessed control over the operations of Defendant P. Mejias Cleaning Services and directly affected the nature and conditions of Plaintiff Palacios's employment at all material times.

28. Upon information and belief, in performing his duties for the Defendants, Plaintiff Palacios was engaged in commerce within the meaning of the FLSA.

29. Upon information and belief, in performing his duties for the Defendants, Plaintiff Palacios used goods and products that had been moved or produced in interstate commerce.

30. Upon information and belief, in performing his duties for the Defendants, Plaintiff Palacios provided services to customers who reside in states other than New York.

31. Upon information and belief, in performing his duties for the Defendants, Plaintiff Palacios provided construction services paid for by private persons and/or entities from outside the State of New York.

32. Upon information and belief, in performing his duties for the Defendants, the Defendants have been an enterprise engaged in commerce or in the production of goods.

33. Upon information and belief, the Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

34. Upon information and belief, defendants have used goods and products that have been moved or produced in interstate commerce.

35. Upon information and belief, the Defendants have provided services to customers who reside in states other than New York.

36. Upon information and belief, the Defendants have received payment for their services from private persons and/or entities from outside the State of New York.

37. Upon information and belief, the Defendants have received payment for their services from public entities and/or from outside the State of New York.

38. Upon information and belief, the Defendants were contracted for public works projects in the City of New York.

39. Defendant P. Mejias Cleaning Services is a painting and construction business that provided and continues to provide painting services as both contractor and subcontractor.

40. Throughout Plaintiff Palacios's employment with the Defendants, Plaintiff Palacios was hired as a painter and to paint commercial buildings for the Defendants.

41. Throughout Plaintiff Palacios's employment with the Defendants, Defendants hired Plaintiff Palacios to perform services on Defendants' public works projects for the Defendants.

42. Throughout Plaintiff Palacios's employment with the Defendants, he was a full-time employee.

43. Throughout Plaintiff Palacios's employment, he was jointly employed by Defendant Procida Construction Corp. and P. Mejias Cleaning Services.

44. From on or about February 2017 until Plaintiff Palacios's employment ended due to the Defendants' misconduct in or about May 2018, the Defendants scheduled Plaintiff Palacios to work more than forty hours per week, without overtime payment.

45. From on or about February 2017 until Plaintiff Palacios's employment ended due to the Defendants' misconduct in or about May 2018, Plaintiff Palacios worked six (6) days a week and eight-and-a-half (8.5) hours a day.

46. From on or about February 2017 until Plaintiff Palacios's employment ended due to the Defendants' misconduct in or about May 2018, Defendants were to pay Plaintiff Palacios $68.00 per hour.

47. Defendants instead paid Plaintiff Palacios only $200 per day.

48. From on or about February 2017 until Plaintiff Palacios's employment ended due to the Defendants' misconduct in or about May 2018, the Defendants paid Plaintiff Palacios in cash on a daily basis.

49. Defendants issued Plaintiff Palacios a Form W-2 Wage and Tax Statement for 2017 stating that Plaintiff Palacios only earned $23,500.00.

50. When Plaintiff Palacios complained, Defendants issued Plaintiff Palacios with a Form W-2 Wage and Tax Statement for 2017 which stated that Plaintiff Palacios earned $83,989.45.

## **FIRST CAUSE OF ACTION UNDER THE FAIR LABOR STANDARDS ACT**

51. Plaintiff repeats and incorporates each and every preceding paragraph contained hereinbefore inclusive, with the same force and effect as though more fully set forth at length herein.

52. Plaintiff repeats and realleges each and every allegation contained hereinbefore inclusive, with the same force and effect as though more fully set forth at length herein.

53. At all relevant and material times herein, the Defendants had a policy and practice of refusal to pay wages for all hours worked, refusal to pay Plaintiff Palacios overtime premium compensation for hours worked in excess of 40 hours per week, and refusal to pay spread-of-hours premium compensation.

54. Under the FLSA, Plaintiff Palacios was entitled to overtime premium compensation from the Defendants of one and one-half times their regular rate of pay for hours he worked beyond 40 hours per week.

55. By the above conduct, the Defendants have violated the FLSA and, upon information and belief, the Defendants have willfully violated the FLSA.

56. Upon information and belief, the Defendants' practice of not compensating Plaintiff Palacios for all hours worked and one and one-half times the regular rate of pay for hours he worked beyond forty hours per week was not approved of or based on any review of any policy or publication of the United States Department of Labor or the New York Department of Labor.

57. Upon information and belief, the Defendants' practice of not compensating Plaintiff Palacios for all hours worked and one and one-half times the regular rate of pay for hours he worked beyond forty hours per week was not based on any advice of counsel received by the Defendants.

58. Upon information and belief, the Defendants failed to make, keep, record and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment.

59. Upon information and belief, the Defendants failed to inform Plaintiff Palacios of his rights under the FLSA and Plaintiff Palacios was never informed of his rights under the FLSA.

60. Due to the Defendants' FLSA violations, Plaintiff Palacios is entitled to recover from the Defendants overtime premium compensation for all hours worked in excess of 40 hours per week, liquidated damages, interest, costs of this action and reasonable attorneys' fees, and all other damages provided for pursuant to the FLSA.

## SECOND CAUSE OF ACTION UNDER NEW YORK LABOR LAW

61. Plaintiff repeats and incorporates each and every preceding paragraph contained hereinbefore inclusive, with the same force and effect as though more fully set forth at length herein.

62. Plaintiff repeats and realleges each and every allegation contained hereinbefore inclusive, with the same force and effect as though more fully set forth at length herein.

63. The defendants willfully violated Plaintiff Palacios's rights by their: failure to properly pay the prevailing wage and compensation due to Plaintiff; failure to properly pay Plaintiff for all hours worked; failure to pay overtime premium compensation for all hours worked in excess of 40 hours per week; and failure to pay spread-of-hours premium wages.

64. Upon information and belief, the Defendants failed to inform Plaintiff Palacios of his rights under New York Labor Law and Plaintiff Palacios was never informed of his rights under New York Labor Law.

65. Due to the Defendants' New York Labor Law violations, Plaintiff Palacios is entitled to recover from the Defendants the overtime premium compensation for all hours worked in excess of 40 hours per week, spread-of-hours premium compensation, liquidated damages, interest, costs of this action, reasonable attorneys' fees, and all other damages provided for pursuant to New York Labor Law.

### THIRD CAUSE OF ACTION FOR BREACH OF CONTRACT

66. Plaintiff repeats and incorporates each and every preceding paragraph contained hereinbefore inclusive, with the same force and effect as though more fully set forth at length herein.

67. Plaintiff repeats and realleges each and every allegation contained hereinbefore inclusive, with the same force and effect as though more fully set forth at length herein.

68. Defendants have breached the agreement of employment between Plaintiff Palacios and the Defendants.

69. Plaintiff has suffered damages on account of said breach of his employment agreement with the Defendants and demands all appropriate monetary, declaratory and injunctive relief appropriate to remedy said breaches.

70. Pursuant to the aforementioned, Plaintiff Palacios demands a monetary award of damages to Plaintiff Palacios for all lost wages and benefits resulting from Defendants unlawful employment and labor practices and to otherwise make Plaintiff whole for any losses suffered as a result of such unlawful employment and labor practices; n award to Plaintiff Palacios for attorneys' fees, costs and expenses incurred in the prosecution of this action;

      a.      A monetary award to Plaintiff Palacios for such other and further relief as the Court may deem equitable, just and proper to remedy defendants' unlawful employment practices.

71.    That as a result of the foregoing damages Plaintiff Palacios should be awarded a monetary sum in the amount to be determined at trial.

## PRAYER FOR RELIEF

72.    Plaintiff respectfully requests that this Court grant the following relief:

    a)    An award of unpaid wages, wages for all hours worked, overtime premium compensation and spread-of-hours compensation due under the FLSA and New York Labor Law.

    b)    An award of monetary damages for all lost wages and benefits.

    c)    An award of liquidated and/or punitive damages.

    d)    An award of damages arising out of non-payment of wages,

    e)    An award of pre-judgment and post-judgment interest,

    f)    An award of the costs and expenses of this action together with reasonable attorneys' fees,

    g)    Such other and further relief deemed just and proper.

## **DEMAND FOR TRIAL BY JURY**

73. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demands a trial by jury on all questions of fact raised by the Complaint.

Dated: October 16, 2018   MARK L. LUBELSKY AND ASSOCIATES
New York, New York

   /s/ Josef K. Mensah
Mark L. Lubelsky, Esq.
Josef K. Mensah, Esq.
Attorneys for Plaintiff Oswaldo Palacios
123 West 18th Street, 8th Floor
New York, NY 10011
(212) 242-7480

## ATTORNEY'S VERIFICATION

JOSEF K. MENSAH, an attorney duly admitted to practice in the Courts of the State of New York, hereby affirms truth of the following under the penalties of perjury:

I am an associate of the firm of MARK L. LUBELSKY AND ASSOCIATES, attorneys for Plaintiff OSWALDO PALACIOS in the within action, and as such, I am fully familiar with all the facts and circumstances herein.

I have read the foregoing VERIFIED COMPLAINT and know the contents thereof; the same is true to my own knowledge, except as to the matters therein alleged to be on information and belief, and as to those matters, I believe them to be true.

The reason this Verification is made by me and not by plaintiff is that plaintiff is not present in New York County, the County where affirmant maintains his offices.

Dated: October 16, 2018　　　　　　　　　　MARK L. LUBELSKY AND ASSOCIATES
　　　　New York, New York

　　　　　　　　　　　　　　　　　　　　　　 /s/ Josef K. Mensah
　　　　　　　　　　　　　　　　　　　　　Josef K. Mensah, Esq.
　　　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff Oswaldo Palacios
　　　　　　　　　　　　　　　　　　　　　123 West 18th Street, 8th Floor
　　　　　　　　　　　　　　　　　　　　　New York, NY 10011
　　　　　　　　　　　　　　　　　　　　　(212) 242-7480