# SETTLEMENT AGREEMENT AND RELEASE

IT IS HEREBY STIPULATED AND AGREED between Oswaldo Palacios ("Releasor") and Procida Construction Corp. ("Procida" or "Releasee"), P. Mejias Cleaning Service ("PMCS") and Pedro Mejias ("Mejias") and any affiliated entity of Releasee, including any sister company, subsidiary or parent company, any officer, shareholder or member of the Releasee's Board of Directors and any agents, employees, principals, partners, officers, successors, and assigns of Releasee, both individually and in their official capacities this ___ day of ~~March,~~ April 1, 2020, in return for the good and sufficient consideration set forth below, Releasor and Releasee agree to resolve all claims against each other, as follows:

1. Releasee Procida shall pay Releasor a total sum of six thousand three hundred eighty-nine dollars and eighty three cents ($6389.83) based on Releasor's work on the Selis Manor project. Releasee Procida shall also pay three thousand five hundred dollars and no cents ($3500.00) payable to the firm Mark L. Lubelsky and Associates representing attorney's fees. Payment of these amounts will be made within sixty (60) days after the Court has accepted these terms of settlement.

2. Releasor has received/will receive the following amounts from the New York City Department of Housing Preservation and Development ("HPD") and/or the New York City Housing Development Corporation ("HDC") based on work performed on the respective prevailing wage projects:

   a. Draper Hall      $33,273.37
   b. Tres Puentes     $15,207.43
   c. Lynn's Place     $ 5,182.35

3. The amounts paid by Procida, HPD and/or HDC as set forth in Paragraphs 1 and 2, respectively, represent payment in full for all prevailing wages and supplements due Releasor in accordance with New York State Labor Law §220, based on the hours worked by Releasor on the Public Work Projects known as Draper Hall, Tres Puentes, Lynn's Place, and Selis Manor. Releasor will acknowledge the hours worked, amounts paid and amounts due as set forth the spreadsheet annexed hereto as Exhibit 1.

849841.1

2. In return for the consideration described above, Releasor and Releasee release and forever discharge each other, their agents, employees, successors, and assigns, and all affiliated business entities, both individually and in their official capacities, from any and all claims, causes of action, suits, back-wages, benefits, attorneys' fees, pain and suffering, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, charges, complaints and demands whatsoever, in law, or equity, of any and every kind, nature and character, known or unknown, arising under the Fair Labor Standards Act of 1938, 29 U.S.C. §§201, et seq., as amended, and related regulations, the New York Labor Law and related regulations promulgated by the NYS Commissioner of Labor, including any claim under New York Labor Law Article 8, and any other claims for alleged unpaid wages, unpaid minimum wage, unpaid overtime compensation, failure to provide required notices and/or wage statements, liquidated damages, interest, costs, penalties or attorneys' fees under any federal, state or local laws, as well as any claims for retaliation pursuant to the FLSA, 29 U.S.C. §215, and the NYLL, Labor Law §215, based upon any conduct occurring from the beginning of the world to the date of the Releasor's execution of this Agreement, against each other, their agents, successors and assigns, both individually and in their official capacities, from the beginning of the world to the date of this Agreement.

3. Releasor promise and represent that he will withdraw, with prejudice, or stipulate to dismiss with prejudice, any and all outstanding administrative complaints or charges, filed with federal, state and local agencies/administrative bodies arising out of the wages paid Releasor by PMCS and Mejias or Releasee and will also withdraw with prejudice all judicial actions, as well as any and all other lawsuits, claims, demands, appeals or actions pending against Releasee (as defined above) arising out of the wages paid Releasor by PMCS and Mejias or Releasee, including, but not limited to the Complaint pending in the United States District Court for the Southern District of New York, bearing Case Number 1:18-cv-09471, and will not file any other administrative or judicial complaints, charges, lawsuits, claims, demands, appeals or actions of any kind based on the wages paid Releasor during his individual employment with PMCS or Mejias or their assignment to work on Prevailing Wage projects where Procida acted as

849841.1



the general contractor. In the event any such complaints, charges, lawsuits, claims, demands, appeals or actions are not withdrawn or are filed due to circumstances beyond Releasor's control, Releasor promises and represents that he will not voluntarily testify, give evidence or otherwise participate or cooperate in any investigation or other proceedings connected with or resulting from such complaints, charges, lawsuits, claims, demands, appeals or actions and that he will execute such papers or documents as Releasee determines may be necessary to have said complaint, charge, lawsuit, claim, demand or action dismissed with prejudice.

In the event Releasor is subpoenaed to testify concerning wages paid by PMCS or Mejias or Releasees, he will immediately notify Releasee to permit Releasee a reasonable opportunity to seek to quash or modify any such subpoena.

4. Releasor agrees and understands that nothing contained in this Agreement and Release is an admission by Releasee of any liability, breach of duty or unlawful conduct whatsoever or violation of any local, state or federal law, regulation or ordinance.

5. This Agreement and Release may not be modified, altered or changed except upon express written consent of both Releasor and Releasee.

6. **Releasor has been and is hereby advised to consult legal counsel regarding this Agreement and Release. Releasor represents that he has consulted legal counsel regarding this Agreement and Release.** Releasor further represents that after having had a full opportunity to review and consider the terms and conditions of this Agreement and Release, and having discussed them with any member of any of his immediate family, counsel or financial advisor of his own choosing, and having had sufficient time to review and consider this Agreement and Release, he fully understands all of the provisions of this Agreement and Release and has executed same freely and voluntarily.

7. This Agreement and Release contains the parties' entire agreement, and there are no agreements or representations that are not set forth herein. All prior negotiations, agreements, and understandings of the parties are superseded by this Agreement and Release.

849841.1



8. Releasor shall execute any other instruments and/or documents that are reasonable or necessary to implement this Agreement and Release.

9. No ambiguity in this Agreement and Release may be construed against the drafter.

10. The entirety of this Agreement and Release is binding upon Releasor, his heirs, executors, administrators, agents, successors, and assigns, but Releasor's obligations and right to any payments hereunder are not assignable by said Releasor without the express written consent of Releasee.

11. This Agreement and Release shall be subject to and governed by the laws of the State New York. Any action to enforce the terms of this Agreement and Release must be brought in the Supreme Court of the State of New York, County of Kings or the United States District Court for the Eastern District of New York and all parties hereto agree to submit to the personal jurisdiction of said Courts.

12. If any term or provision of this Agreement and Release or the application thereof to any person or circumstance, shall to any extent be found invalid or unenforceable, the remainder of the Agreement and Release, or the applications of such term or provisions to persons or circumstances other than to those as to which it is invalid or unenforceable, shall not be affected thereby, and each term and provision of this Agreement and Release shall be valid and be enforced to the fullest extent permitted by law.

13. Releasor shall execute any other instruments and/or documents that are reasonable or necessary to implement this Agreement and Release.

14. Each of the covenants contained herein is a separate and independent covenant. A breach, finding of unenforceability or waiver of any one covenant herein (or of any other covenant or agreement between these parties) shall not relieve either party of any remaining obligations hereunder.

15. In the event of a tax assessment by any federal, state or local taxing authority, with respect to any alleged failure to make all required deductions or withholding from the sums to be paid hereunder to Releasor as part of this Agreement and Release, Releasor shall pay his own share (as a former employee) of that assessment. Releasor also agrees to pay or indemnify and hold Releasee harmless for and from any

849841.1

and all related withholding taxes, interest or penalties incurred by Releasee, which it may be required to pay to any taxing authorities relating to any payments made to Releasor pursuant to this Agreement.

16. This Agreement and Release may be executed in counterparts.

IN WITNESS WHEREOF, the Releasor and Releasee hereunto set their hands this 14th day of April, 2019

Procida Construction Corp.

By: _____
Mario Procida

STATE OF NEW YORK    )
                     ) ss:
BRONX COUNTY         )

On this 14th day of April, 2020, before me personally came Mario Procida to me known and known to me to be the individual described in and who executed the foregoing Agreement, and he, being duly sworn, did depose and say that he an officer of Procida Construction Corp. and that he executed said Agreement on behalf of said corporation at the direction of its Board of Directors.

_____
Notary Public

SARAH M.N. WILLIAMS
Notary Public, State of New York
Qualified in New York County
No. 02WI6133522
Commission Expires September 19, 2021

P. Mejias Cleaning Service, Inc.

By: Pedro Mejias
Pedro Mejias

STATE OF NEW YORK    )
                     ) ss:
COUNTY OF KINGS      )

849841.1

On the 27 day of ~~March~~ May, 2020, before me personally came Pedro Mejias to me known to be the individual described in and who executed the foregoing instrument and he, being duly sworn, did depose and say that he an officer of P. Mejias Cleaning Service, Inc. and that he executed said Agreement on behalf of said corporation at the direction of its Board of Directors.

_____
Notary Public

**CLASSIE DOCKERY**
COMMISSIONER OF DEEDS
City of New York -No.212903
Qualified in Kings County
Commissioner Expires December 1, 20 20

STATE OF NEW YORK )
) ss:
COUNTY OF KINGS )

On the 27 day of ~~March~~ May, 2020, before me personally came Pedro Mejias, to me known to be the individual described in and who executed the foregoing instrument and he did duly acknowledge to me that he executed same.

_____
Notary Public

**CLASSIE DOCKERY**
COMMISSIONER OF DEEDS
City of New York -No.212903
Qualified in Kings County
Commissioner Expires December 1, 20 20

849841.1

_____
Oswaldo Palacios

STATE OF NEW YORK )
) ss:
COUNTY OF KINGS ) Queens.

On the _14_ day of March, 2020 before me personally came Oswaldo Palacios, to me known to be the individual described in and who executed the foregoing instrument and he did duly acknowledge to me that he executed same.

_____
Notary Public

Emiliano Perez
Notary Public, State of New York
Registration No. 01PE4628726
Qualified in Queens County
My Commission Expires September 30, 2022

849841.1